# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1928 | **DATE** | OCT. 10, 2001 |
| **CASE TITLE** | MARIA DREWICZ and SANDRA SHOULDERS v. ROBERT H. DACHIS, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Carmen Marine Cooperative Association's motion for summary judgment [13]; Robert Dachis's motion for summary judgment [19]; and Michael Sheahan's motion to dismiss [20] are granted. The Clerk of the Court is directed to enter judgment (a) in favor of defendants Robert Dachis, Carmen Marine Cooperative Association, and Michael Sheahan and against plaintiff Maria Drewicz dismissing plaintiff Drewicz's cause of action without prejudice for lack of subject matter jurisdiction and (b) in favor of defendant DSSA Management Co., Inc. and against plaintiff Sandra Shoulders dismissing plaintiff Shoulders's cause of action without prejudice as improperly joined.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | 5 number of notices | |
| ✓ | Notices mailed by judge's staff. | OCT 11 2001 date docketed | 26 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | mn docketing deputy initials | |
| ✓ | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | OCT. 10, 2001 date mailed notice | |
| cw courtroom deputy's initials | | 01 OCT 10 PM 4: 51 | |
| | | Date/time received in central Clerk's Office | mqm mailing initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARIA DREWICZ and )
SANDRA SHOULDERS, )
 )
        Plaintiffs, )
 )
v. ) No. 01 C 1928
 )
ROBERT H. DACHIS, CARMEN )
MARINE COOPERATIVE ASSOCIATION, )
and MICHAEL SHEAHAN, in his )
capacity as Sheriff of Cook )
County, Illinois, and )
DSSA MANAGEMENT CO., INC., )
an Illinois corporation, )
 )
        Defendants. )

DOCKETE
OCT 1 1 20

## MEMORANDUM OPINION AND ORDER

Plaintiff Maria Drewicz alleges that she was improperly evicted from her cooperative unit.[1] Named as defendants are (a) Carmen Marine Cooperative Association, the cooperative association in which plaintiff's unit is located; (b) Robert Dachis, who represented Carmen Marine in the eviction proceedings; and (c) Michael Sheahan, in his official capacity as the Sheriff of Cook County, Illinois based on deputy sheriffs enforcing the eviction order. Counts I and II allege that,

---

[1]The amended complaint also contained unrelated allegations regarding the eviction of plaintiff Sandra Shoulders from an apartment in a different building. Those claims were dismissed without prejudice as improperly joined in this action.

respectively, Carmen Marine and Dachis violated 42 U.S.C. § 2000a in that they denied plaintiff a public accommodation because she is Polish. Count III alleges that Carmen Marine violated the Fair Housing Act, 42 U.S.C. § 3604. Count IV alleges Carmen Marine violated 42 U.S.C. § 1986 by failing to prevent a conspiracy that violated 42 U.S.C. § 1985. Counts V and VI are claims against the Sheriff under 42 U.S.C. § 1983. Count V is labeled as an unlawful search claim in violation of the Fourth Amendment and Count VI as an unlawful takings claim in violation of the Fifth Amendment.[2]

Carmen Marine and Dachis move for summary judgment on the ground that plaintiff's claims are essentially challenges to the state court eviction proceedings and thus barred by the Rooker-Feldman doctrine. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); Rizzo v. Sheahan, ___ F.3d ___, 2001 WL 1117435 *6 (7th Cir. Sept. 20, 2001). Alternatively, defendants contend plaintiff's claims fail on their merits. Similarly, defendant Sheahan moves to dismiss on Rooker-Feldman grounds or, alternatively, because the claims fail on their merits. Plaintiff was provided with an opportunity to respond to both motions, but has not.

---

[2]Since a claim against a state actor, both would actually be for Fourteenth Amendment violations.

When a party moves for summary judgment and the opposing party fails to respond, summary judgment ordinarily cannot be granted by default. Instead, facts are taken as true and it still must be decided if the moving party is entitled to summary judgment based on those facts. See Nabozny v. Podlesny, 92 F.3d 446, 457 n.9 (7th Cir. 1996); Johnson v. Gudmundsson, 35 F.3d 1104, 1112 (7th Cir. 1994); Glass v. Dachel, 2 F.3d 733, 739 (7th Cir. 1993). Here, if applicable, the Rooker-Feldman doctrine deprives this court of jurisdiction. Rizzo, 2001 WL 1117435 at *6; Edwards v. Illinois Board of Admissions to Bar, 261 F.3d 723, 728 (7th Cir. 2001); Long v. Shorebank Development Corp., 182 F.3d 548, 554-55 (7th Cir. 1999). As to the questions that are jurisdictional, factual disputes regarding jurisdiction may be resolved if necessary and appropriate. See English v. Cowell, 10 F.3d 434, 437 (7th Cir. 1993); Weidner Communications, Inc. v. H.R.H. Prince Bandar Al Faisal, 859 F.2d 1302, 1310 n.11 (7th Cir. 1988); Crawford v. United States, 796 F.2d 924, 928-29 (7th Cir. 1986). Where appropriate, factual determinations may be made on documentary submissions. See Crawford, 796 F.2d at 929. Summary judgment rules do not apply, but may be considered in determining whether there is any substantial dispute that requires consideration of oral testimony. See id. at 928. Still, any rational mode of inquiry will do. Id. at 929.

> Under the Rooker-Feldman doctrine, lower federal courts do not have subject matter

jurisdiction over claims seeking review of state court judgments. See Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983). The doctrine applies not only to claims that were actually raised before the state court, but also to claims that are inextricably intertwined with state court determinations. See Feldman, 460 U.S. at 482 n.16 ("By failing to raise his claims in state court a plaintiff may forfeit his right to obtain review of the state-court decision in any federal court."). Rooker-Feldman, therefore, requires a party seeking review of a state court judgment or presenting a claim that a state judicial proceeding has violated their constitutional rights to pursue relief through the state court system and ultimately to the Supreme Court. See Centres, Inc. v. Town of Brookfield, 148 F.3d 699, 701-02 (7th Cir. 1998). The doctrine stems, in part, from recognition of the fact that "a decision by a state court, however erroneous, is not itself a violation of the Constitution actionable in federal court." Homola v. McNamara, 59 F.3d 647, 650 (7th Cir. 1995). Because the Rooker-Feldman doctrine is jurisdictional in nature, its applicability must be determined before considering the defendants' arguments regarding the applicability of res judicata. See Garry v. Geils, 82 F.3d 1362, 1365 (7th Cir.1996) ("Where Rooker-Feldman applies, lower federal courts have no power to address other affirmative defenses, including res judicata.").

In assessing the applicability of the Rooker-Feldman doctrine in a particular case, "the fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." Id. "If the injury alleged resulted from the state court judgment itself, the Rooker-Feldman doctrine dictates that the federal courts lack subject matter jurisdiction, even if the state court judgment was erroneous or unconstitutional." Centres, 148 F.3d at 702 (footnote omitted). "By contrast, if the alleged injury is distinct from the state court judgment and not inextricably intertwined with it, the Rooker-Feldman doctrine does not apply, although the doctrines of claim and issue

- 4 -

preclusion may be applicable." Id. The pivotal
inquiry is "whether the federal plaintiff seeks to
set aside a state court judgment or whether he is,
in fact, presenting an independent claim."
Kamilewicz v. Bank of Boston Corp., 92 F.3d 506,
510 (7th Cir. 1996); see also GASH Assocs. v.
Village of Rosemont, 995 F.2d 726, 728 (7th Cir.
1993). In this regard, we have recognized a
distinction between "a federal claim alleging
injury caused by a state court judgment" and "a
federal claim alleging a prior injury that a state
court failed to remedy." Centres, 148 F.3d at 702.
A federal court is precluded from considering the
former, but not the latter, under the
Rooker-Feldman doctrine.

Long, 182 F.3d at 554-55.

It is clear in this case that Drewicz is complaining about the eviction itself, that she was deprived of a public accommodation, discriminated against in housing, unlawfully searched or seized, and her property was unlawfully taken by the act of evicting her from her cooperative unit. The eviction itself is the act ordered by the judgment in the state eviction case. Plaintiff, therefore, is alleging injury caused by the state court judgment itself. Under the Rooker-Feldman doctrine, this court is without jurisdiction to consider plaintiff's claims. See Long, 182 F.3d at 556-57; Williams v. City of Joliet, 2000 WL 968825 *3 (N.D. Ill. July 12, 2000); Thomas v. 5445 Edgewater Plaza Condominium Association, 1999 WL 66572 (N.D. Ill. Feb. 8, 1999). Compare also Newman v. State of Indiana, 129 F.3d 937 (7th Cir. 1997).

Alternatively, even if this court had jurisdiction to consider Drewicz's claims, they are subject to dismissal on defendants' summary judgment motions and motion to dismiss. Counts I and II fail because the undisputed facts show that the unit in dispute is part of a private cooperative. The cooperative unit at issue is not a public accommodation and therefore not subject to § 2000a. Cf. Welsh v. Boy Scouts of America, 993 F.2d 1267, 1274 (7th Cir.), cert. denied, 510 U.S. 1012 (1993). As to the Fair Housing Act claim, defendants' summary judgment motion raises the issue that plaintiff lacks proof of a discriminatory motive. The burden was on plaintiff to show discrimination. Since she did not respond with evidence of discrimination, plaintiff failed to meet her burden and therefore Count III is subject to dismissal on summary judgment. As to the § 1986 claim, there is no allegation in the complaint of a § 1985 conspiracy nor any evidence of such presented in response to summary judgment. The Count IV § 1986 claim fails.

The claims against the Sheriff would fail on a motion to dismiss. There is no allegation that the conduct of the deputy sheriffs during the eviction was pursuant to an official custom or policy nor is there any allegation of the Sheriff being personally involved in the eviction. Therefore, the Sheriff cannot be liable in his official capacity. Brokaw v. Mercer County, 235 F.3d 1000, 1013 (7th Cir. 2000); Naugles v. Sheahan,

2000 WL 1700131 *1 (N.D. Ill. Oct. 16, 2000); Neilis v. Ward, 2000 WL 1372870 *3 (N.D. Ill. Sept. 21, 2000).

For the foregoing reasons, Drewicz's claims will be dismissed without prejudice for lack of subject matter jurisdiction. Alternatively, they would be dismissed on their merits. The claims of plaintiff Shoulders were previously dismissed without prejudice.

IT IS THEREFORE ORDERED that Carmen Marine Cooperative Association's motion for summary judgment [13]; Robert Dachis's motion for summary judgment [19]; and Michael Sheahan's motion to dismiss [20] are granted. The Clerk of the Court is directed to enter judgment (a) in favor of defendants Robert Dachis, Carmen Marine Cooperative Association, and Michael Sheahan and against plaintiff Maria Drewicz dismissing plaintiff Drewicz's cause of action without prejudice for lack of subject matter jurisdiction and (b) in favor of defendant DSSA Management Co., Inc. and against plaintiff Sandra Shoulders dismissing plaintiff Shoulders's cause of action without prejudice as improperly joined.

ENTER:

_William T. Hart_
UNITED STATES DISTRICT JUDGE

DATED: OCTOBER 10, 2001