# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1928 | **DATE** | MAY 2, 2002 |
| **CASE TITLE** | MARIA DREWICZ v. ROBERT H. DACHIS, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant Carmen Marine Cooperative Association's amended motion for Rule 11 sanctions [33] is granted in part and denied in part. The Clerk of the Court is directed to enter judgment in favor of defendant Carmen Marine Cooperative Association and against attorney Richard R. Rothman in the amount of $5,000.00 representing sanctions for the violation of Fed. R. Civ. P. 11(b)(2).

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | 5 number of notices | Document Number |
| | No notices required. | MAY 03 2002 date docketed | |
| ✓ | Notices mailed by judge's staff. | | 41 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | docketing deputy initials | |
| ✓ | Mail AO 450 form. | May 2, 2002 | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| cw | courtroom deputy's initials | mqm mailing initials | |
| | | Date/time received in central Clerk's Office | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARIA DREWICZ,)
)
Plaintiff,)
)
v.) No. 01 C 1928
)
ROBERT H. DACHIS, CARMEN)
MARINE COOPERATIVE ASSOCIATION,)
and MICHAEL SHEAHAN, in his)
capacity as Sheriff of Cook)
County, Illinois,)
)
Defendants.)

DOCKETED
MAY 0 3 2002

## MEMORANDUM OPINION AND ORDER

Plaintiff Maria Drewicz brought this suit alleging civil rights violations related to her being evicted from her cooperative unit. Named as defendants were the cooperative association (Carmen Marine Cooperative Association), an attorney for the association, and the Sheriff of Cook County in his official capacity. As to Carmine Marine, plaintiff alleged: Count I--Carmen Marine denied her a public accommodation because she is Polish, in violation of 42 U.S.C. § 2000a; Count III--Carmen Marine violated the Fair Housing Act, 42 U.S.C. § 3604; and Count IV--Carmen Marine violated 42 U.S.C. § 1986 by failing

to prevent a conspiracy that violated 42 U.S.C. § 1985. Carmen Marine's and the other defendants' motions for summary judgment and to dismiss were granted and all claims were dismissed without prejudice for lack of subject matter jurisdiction. It was held that plaintiff's claims were barred by the Rooker-Feldman doctrine. Alternatively, it was held that defendants would be entitled to dismissal on the merits because there was insufficient evidence to support any of plaintiff's claims or the claims failed to state a basis for granting relief. See Drewicz v. Dachis, 2001 WL 1223524 (N.D. Ill. Oct. 11, 2001) ("Drewicz I").

Presently pending is defendant Carmen Marine's motion for Rule 11 sanctions as against plaintiff and her attorney.

> One of the basic purposes of Rule 11 of the Federal Rules of Civil Procedure is "to deter baseless filings in the district court. . . ." Cooter & Gell v. Hartmarx Corp., et al., 496 U.S. 384, 393 (1990). Specifically, Rule 11 requires that an attorney and/or party certify to the best of their "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that any pleading or motion presented to the court is not being presented for an improper purpose and that the allegations and other factual contentions have a legally sufficient basis to support the claim. As a preliminary matter, when a party requests a court to impose sanctions, it must first give notice of its intent to seek sanctions and provide the attorney or party charged with a reasonable opportunity to respond. Fed. R. Civ. Pro. 11(c). Then, a district court determines whether there has been a violation of Rule 11 to warrant the imposition of sanctions, id.; a court may impose sanctions on a party for making arguments or

> filing claims that are frivolous, legally
> unreasonable, without factual foundation, or
> asserted for an improper purpose. In particular,
> a frivolous argument or claim is one that is
> "baseless and made without a reasonable and
> competent inquiry." <u>Townsend v. Holman
> Consulting Corp.</u>, 929 F.2d 1358, 1362 (9th Cir.
> 1990) (en banc).

<u>Fries v. Helsper</u>, 146 F.3d 452, 458 (7th Cir.), <u>cert. denied</u>, 525 U.S. 930 (1998).

The original complaint in this action was filed on March 20, 2001. Two days later, plaintiff filed her amended complaint.[1] On May 7, 2001, counsel for Carmen Marine sent plaintiff's counsel a letter stating that his firm's investigation revealed the claims were not well grounded in fact and law, requesting that the complaint be voluntarily dismissed, and advising that Carmen Marine would pursue Rule 11 sanctions if the complaint were not voluntarily dismissed. On May 29, 2001, Carmen Marine's attorney sent a second letter to the same effect and also provided a copy of Carmen Marine's motion to dismiss outlining Carmen Marine's contentions as to the merits of plaintiff's allegations. On May 29, Carmen Marine also filed the motion to dismiss with the court and the court set the motion for hearing on June 20. However, on June 11, Carmen Marine filed a

---

[1] The amended complaint also included a second plaintiff, whose claims were dismissed without prejudice on the ground that they were improperly joined. <u>See</u> Minute Order dated June 20, 2001 (Docket Entry 16).

motion for summary judgment. On June 20, the motion to dismiss was denied without prejudice as moot and a briefing schedule was set on the motion for summary judgment, with plaintiff's answer brief due July 11, 2001. The other defendants thereafter moved for summary judgment or to dismiss. On August 8, 2001, plaintiff's motion to stay the briefing schedule while determining if she wanted counsel to continue to represent her was denied. Plaintiff was granted until August 22 to answer the pending motions and a ruling date of September 26, 2001 was set. No answer having been filed by September 17, the ruling date was stricken and it was stated that the motions would be ruled upon by mail. On October 10, 2001, Drewicz I was issued, granting the motions for summary judgment and to dismiss. On October 9, plaintiff's counsel had filed a motion to withdraw which was denied on October 17, 2001. Carmen Marine thereafter timely moved for Rule 11 sanctions and plaintiff was provided with the opportunity to respond. Plaintiff does not dispute that adequate notice has been provided as required by Rule 11 and no issue is raised based on counsel's prior attempts to withdraw.

In its motion, Carmen Marine contends plaintiff's complaint violates Rule 11 because "it sets forth claims that are not warranted by existing law or by a nonfrivolous argument for the extension, modification or reversal of existing law or the establishment of new law." Amended Rule 11 Motion ¶ 1. There is

no present contention that the allegations of the complaint lacked evidentiary support. Therefore, Carmen Marine's motion claims a violation of Fed. R. Civ. P. 11(b)(2). Because Drewicz was represented by counsel throughout this proceeding, she cannot be subjected to monetary sanctions for a Rule 11(b)(2) violation. Fed. R. Civ. P. 11(c)(2)(A). Since Carmen Marine seeks monetary sanctions, sanctions may only be awarded against plaintiff's counsel.

In Drewicz I, it was held:

> It is clear in this case that Drewicz is complaining about the eviction itself, that she was deprived of a public accommodation, discriminated against in housing, unlawfully searched or seized, and her property was unlawfully taken by the act of evicting her from her cooperative unit. The eviction itself is the act ordered by the judgment in the state eviction case. Plaintiff, therefore, is alleging injury caused by the state court judgment itself. Under the Rooker-Feldman doctrine, this court is without jurisdiction to consider plaintiff's claims. See Long [v. Shorebank Development Corp.], 182 F.3d [548,] 556-57 [(7th Cir. 1999)]; Williams v. City of Joliet, 2000 WL 968825 *3 (N.D. Ill. July 12, 2000); Thomas v. 5445 Edgewater Plaza Condominium Association, 1999 WL 66572 (N.D. Ill. Feb. 8, 1999). Compare also Newman v. State of Indiana, 129 F.3d 937 (7th Cir. 1997).

2001 WL 1223524 at *2-3.

Alternatively, it was held that the claims failed on their merits. Count I did not state a violation of § 2000a because a cooperative unit is not a public accommodation. Id.

at *3. As to Count III, no evidence was presented that plaintiff was discriminated against because she was Polish. Id. As to Count IV, there was no allegation nor evidence of a § 1985 conspiracy, which is a necessary element of a § 1986 claim. Id.

In response to the Rule 11 motion, plaintiff argues that improper procedures were followed in obtaining her eviction. Plaintiff contends these constituted violations of due process which made the state court eviction judgment void and without subject matter jurisdiction. She also contends they were violations of the Illinois Constitution's equal protection provision. She further contends that the judge in the state court eviction proceeding should not have presided over the case because she allegedly is a member of the Cook County Bar Association. Plaintiff contends that a disciplinary proceeding against her attorney involves an issue as to inferring counsel's intent during a court proceeding. She contends that a lawsuit brought by the Cook County Bar Association involves inferences of a judge's intent in completing a judicial application. Plaintiff contends this represented a conflict of interest or an appearance of impropriety on the part of the judge presiding over her case.

The key problem with plaintiff's response is that it largely ignores the grounds on which her complaint was dismissed. Whether the state court rulings in the eviction proceeding were correct or a violation of due process was not an issue in the

present federal proceeding. The issue in the present case was whether this court lacked jurisdiction because of the relationship between the present allegations and the eviction proceeding. Alternatively, the merits of the federal claims were at issue, but plaintiff's claims did not raise issues of due process; they were based on allegations of national origin discrimination. Plaintiff does not contend that the federal suit does not allege injury caused by the state court suit nor that she had a nonfrivolous reason for contending otherwise. She does, however, raise one contention regarding the applicability of Rooker-Feldman. She contends the state court judgment was void and therefore Rooker-Feldman would not apply to bar her federal lawsuit. It must first be considered whether this is a nonfrivolous contention. If this contention is nonfrivolous, it would still have to be considered whether the merits of the claims against Carmen Marine are nonfrivolous.

There is Illinois case law that supports plaintiff's contention that a judgment entered in violation of due process is void. See Doctor's Associates, Inc. v. Duree, 319 Ill. App. 3d 1032, 745 N.E.2d 1270, 1282 (1st Dist.), appeal denied, 195 Ill. 2d 577, 755 N.E.2d 476 (2001); Eckel v. MacNeal, 256 Ill. App. 3d 292, 628 N.E.2d 741, 744 (1st Dist. 1993). Also, plaintiff is correct that Illinois does not accord a preclusive effect to a void judgment. Miller v. Balfour, 303 Ill. App. 3d

209, 707 N.E.2d 759, 763 (2d Dist. 1999); Ottwell v. Ottwell, 167 Ill. App. 3d 901, 522 N.E.2d 328, 333 (5th Dist. 1988); Long, 182 F.3d at 560. However, the doctrines of claim preclusion and Rooker-Feldman are not coextensive. GASH Associates v. Village of Rosemont, Ill., 995 F.2d 726, 728 (7th Cir. 1993). Some courts have held that Rooker-Feldman does not apply to certain situations where the state court judgment was void, but such holdings have been limited to situations where the state court order violates the automatic stay rule of federal bankruptcy law. See Schmitt v. Schmitt, 165 F. Supp. 2d 789, 796 (N.D. Ill. 2001) (collecting cases). It is a separate issue whether a judgment that is void because of a lack of due process is subject to the Rooker-Feldman doctrine. The Seventh Circuit, as well as other courts, have held that the Rooker-Feldman doctrine applies to cases even when it is claimed that the state court proceedings violated due process.[2] Kamilewicz v. Bank of Boston Corp., 92 F.3d 506, 510-12 (7th Cir. 1996), cert. denied, 520 U.S. 1204 (1997); Ritter v. Ross, 992 F.2d 750 (7th Cir. 1993), cert. denied, 510 U.S. 1046 (1994); In re Goetzman, 91 F.3d 1173, 1178

---

[2] In Rooker itself, the Supreme Court held that a federal district court could not review the decision of a state court even if it was contended the state court judgment was void because of a due process violation. However, it is unclear whether it was contended that the state court proceeding itself violated due process or only that the state statute being challenged violated due process. It was contended that the judgment was void because of the claimed due process violation. Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923).

(8th Cir.), cert. denied, 519 U.S. 1042 (1996); Postma v. First Federal Savings & Loan of Sioux City, 74 F.3d 160, 162 & n.3 (8th Cir. 1996); Liedtke v. State Bar of Texas, 18 F.3d 315, 317-18 (5th Cir.), cert. denied, 513 U.S. 906 (1994); Cain v. Ryan, 171 F. Supp. 2d 813, 818-19 (N.D. Ill. 2001); Schmitt, 165 F. Supp. 2d at 796-97; In re Keeler, 273 B.R. 416, 420-21 (D. Md. 2002). See also Long, 182 F.3d at 556-57 (alleged denial of due process during eviction proceeding would have been barred by Rooker-Feldman doctrine, but for exception that plaintiff was precluded from raising the due process claim in state proceedings[3]); 4901 Corp. v. Town of Cicero, 220 F.3d 522, 528 n.6 (7th Cir. 2000) (contention that state court settlement agreement was void ab initio because unconstitutional and entered without knowing waiver did not preclude application of Rooker-Feldman doctrine); Remer v. Burlington Area School District, 205 F.3d 990, 996 (7th Cir. 2000) (Rooker-Feldman applies "no matter how erroneous or unconstitutional the state court judgment may be"). Even if plaintiff had alleged a due process violation or raised it in response to the summary judgment motion, there is no nonfrivolous argument in this circuit that Rooker-Feldman was inapplicable because of the presence of due process violations.

---

[3]Drewicz does not contend that this exception arguably would apply to her case. There is no allegation that the state trial court precluded her from raising such a claim, nor any contention that it could not have been raised in a direct appeal.

Plaintiff has no nonfrivolous argument that the present case was not lacking jurisdiction because of the application of the <u>Rooker-Feldman</u> doctrine. Therefore, the pleadings violated Fed. R. Civ. P. 11(b)(2) and plaintiff's attorney is subject to being sanctioned.

Carmen Marine requests sanctions representing attorney fees and costs it incurred in this case. None of those fees would have been incurred if plaintiff had not brought this frivolous lawsuit. Carmen Marine submits itemized bills totaling $8,564.11. On the billing records submitted, $700.50 represents work on the Rule 11 sanctions motion. Plaintiff raises no contention regarding the amount of sanctions to be imposed.

Although Rule 11 permits an award based on fees incurred when the opposing party brings a sanction motion, the primary guide as to the amount of sanctions is still the amount "sufficient to deter repetition of [the sanctionable] conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(2). <u>See also</u> <u>Vollmer v. Publishers Clearing House</u>, 248 F.3d 698, 710-11 & n.11 (7th Cir. 2001). The court finds that $5,000 is an appropriate sanction to serve the purpose of deterrence.

IT IS THEREFORE ORDERED that defendant Carmen Marine Cooperative Association's amended motion for Rule 11 sanctions [33] is granted in part and denied in part. The Clerk of the

Court is directed to enter judgment in favor of defendant Carmen Marine Cooperative Association and against attorney Richard R. Rothman in the amount of $5,000.00 representing sanctions for the violation of Fed. R. Civ. P. 11(b)(2).

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: MAY 2, 2002